UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| STATE OF NEVADA,<br><br>                              Plaintiff,<br><br>v.<br><br>MARTIN D. PELMORE, JR.,<br><br>                              Defendant. | Case No. 2:23-cv-0706-RFB-BNW<br><br>**REPORT AND RECOMMENDATION THAT THE ACTION BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION and ORDER DENYING IFP AS MOOT** |

Before the Court is Defendant Martin D. Pelmore's application to proceed in forma pauperis. ECF No. 1. Because the Court finds that it lacks jurisdiction, the application is denied as moot.

Defendant initiated this action in federal court by filing a Notice of Removal on May 5, 2023. ECF. No. 1-1. Removal to federal court is proper where the federal court would have original subject-matter jurisdiction over the complaint. 28 U.S.C. § 1441. If, after a court's prompt review of a notice of removal, "it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446(c)(4). Removal statutes are strictly construed against removal and place the burden on the petitioner to demonstrate that removal was proper. *Moore–Thomas v. Alaska Airlines, Inc.,* 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992)). Defendant asserts that removal is proper because the claim "involves a federal question . . . [the] right to travel[.]" ECF No. 1-2 Notice of Removal, p. 2, l. 7-9.

On or about March 5, 2023, Defendant received a traffic citation for making an improper lane change and failing to use his signal resulting in an accident. *See* Notice of Removal, Ex. A. Defendant contends that the action is removable because it involves a federal question. However, "the presence or absence of federal-question jurisdiction is governed by the 'well-pleaded

complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 428 U.S. 386, 392 (1987) (quoting *Gully v. First Nat'l Bank*, 299 U.S. 109, 112-13 (1936)). On its face, the traffic ticket cites Nevada statute. The federal question must be disclosed on the face of the complaint "unaided by the answer." *Phillips Petroleum Co. v Texaco, Inc.*, 415 U.S. 125, 127-28 (1974). Thus, grounds for removal did not exist at the time Defendant filed his notice of removal.

**IT IS THEREFORE RECOMMENDED** that this action be **REMANDED**;

**IT IS FURTHER ORDERED** that Defendant's application to proceed in forma pauperis ECF No. 1 is **DENIED as moot**.

### NOTICE

This Report and Recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this Report and Recommendation may file a written objection supported by points and authorities within 14 days of being served with it. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: May 15, 2023.

Brenda Weksler
United States Magistrate Judge