# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STATE OF NEVADA, | Case No. 2:23-cv-706-RFB-BNW |
| Plaintiff, | **ORDER** |
| v. | |
| MARTIN D. PELMORE, JR, | |
| Defendant. | |

Before the Court for consideration is the Order and Report and Recommendations ("R&R") of the Honorable Brenda Weksler, United States Magistrate Judge, dated May 15, 2023 (ECF No. 4). For the reasons explained below, the Court adopts the R&R in full.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). A party may file specific written objections to the findings and recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Local Rule IB 3-2(a). When written objections have been filed, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Local Rule IB 3-2(b). Where a party fails to object, however, a district court is not required to conduct "any review," *de novo*[1] or otherwise, of the report and recommendations of a magistrate judge. Thomas v. Arn, 474 U.S. 140, 149 (1985).

On March 5, 2023, Mr. Pelmore received a traffic citation. See ECF No. 1-1. On May 5, 2023, acting *pro se*, Mr. Pelmore filed a petition for removal in this Court. ECF No. 1. On May

---

[1] *De novo* review simply means a review by one court using the lower court's record but reviewing the evidence and the law without deference to the lower court's findings and rulings. See Appeal, Black's Law Dictionary (11th ed. 2019).

15, 2023, Judge Weksler issued the R&R recommending the action be remanded as any federal question was not disclosed on the face of the complaint unaided by the answer. ECF No. 4. Following the entry of Judge Weksler's R&R, on May 16, 2023, Mr. Pelmore filed a submission styled as an affidavit. ECF Nos. 5. In the affidavit, Mr. Pelmore appears to argue various legal points related to the merits of his defense. Id. In addition, Mr. Pelmore attached to his affidavit multiple exhibits, namely (1) a law review article, see Christopher Slobogin, Testilying: Police Perjury and What to do About It, 67 U. COLO. L. REV. 1037 (1996), (2) a transcript of the testimony of Alan M. Dershowitz before the U.S. House of Representatives on December 1, 1998, (3) the opinions in Faretta v. California, 422 U.S. 806 (1975) (holding criminal defendants have a right to refuse the appointment of counsel), (4) copies of portions of Title 1 of the U.S. Code and the Acts of the First Congress of the United States, (5) Federal Rule of Criminal Procedure 5.1, (6) a page titled "Law of the Case" with various citations. ECF No. 5.

Federal courts liberally construe *pro se* filings. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). While the vast majority of the submission does not squarely relate to the R&R, the Court finds Mr. Pelmore's statement that he "is not in receipt of any document which gives the court the authority to disregard the United States Constitution" sufficient to argue that the Court does have jurisdiction over this removed action. Therefore, the Court construes Mr. Pelmore's May 16th filings as a timely objection to the R&R.

However, on *de novo* review, the Court finds remand is proper. Proper removal requires that the underlying state court civil action fall within the original jurisdiction of the federal courts. 28 U.S.C. § 1441. Federal courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.SC. § 1331. It is clear from a review of the Notice of Removal and attached exhibits, the Defendant seeks to remove a routine traffic citation for an allegedly improper lane change as raising a federal question. Under Nevada law, a citation for improper lane change is a civil infraction and the citation is deemed a complaint. Nev. Rev. Stats. §§ 484A.703, 484A.7031, 484B.223.

First, the Court finds that Mr. Pelmore failed to timely remove within 30 days of receipt. See 28 U.S.C. § 1446(b). He received the citation on March 5, 2023, and filed the petition for

removal 61 days later, on May 5, 2023. Second, the Court agrees with Judge Weksler there is no original federal question jurisdiction. It is well-settled that "in order for a claim to arise 'under the Constitution, laws, or treaties of the United States,' 'a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.'" Phillips Petroleum Co. v. Texaco, Inc., 415 U.S. 125, 127 (1974) (quoting Gully v. First National Bank, 299 U.S. 109, 112 (1936)). "The federal questions must be disclosed upon the face of the complaint, unaided by the answer." Id. at 127-28 (internal quotation removed). A "case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987). On a review of the citation, it is clear no federal question is raised on its face. Further, Mr. Pelmore argues that his traffic citation violates his constitutional right to free movement. See Shapiro v. Thompson, 394 U.S. 618 (1969) (holding the right to travel is afforded some constitutional weight), overruled on other grounds by Edelman v. Jordan, 415 U.S. 651 (1972). He also appears elsewhere to argue that the citation involved an unlawful search or seizure. See U.S. CONST., amend. IV. Both of these arguments are anticipated defenses and, therefore, not a basis for the exercise of original federal question jurisdiction.

Therefore, for the foregoing reasons, **IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 12) is **ADOPTED** in full. This case is **REMANDED** to the Henderson Municipal Court.

**IT IS FURTHER ORDERED** that the Clerk of Court will close the case.

**DATED:** April 17, 2024.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**